**NOT FOR PUBLICATION**

**FILED**

JUL 2 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-30128 |
| Plaintiff-Appellee, | D.C. No.<br>3:16-cr-00052-TMB-1 |
| v. | |
| JOHN LESUEUR, JR., | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted June 13, 2018
Anchorage, Alaska

Before:  THOMAS, CALLAHAN, and BEA, Circuit Judges.

After the district court denied Appellant John Lesueur, Jr.'s motion to

suppress evidence found at his home following a warrantless police entry, Lesueur

pleaded guilty to a single count of being a felon in possession of a firearm.  He

now challenges the denial of his motion to suppress and argues that the

subsequently obtained warrant was not supported by probable cause.  Because we

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

agree with the district court that the state magistrate did not clearly err in issuing the search warrant, we affirm.[1] *See United States v. Grant*, 682 F.3d 827, 832 (9th Cir. 2012) (reviewing for clear error decision to issue search warrant and giving "great deference" to an issuing judge's probable cause finding).

Even assuming, without deciding, that the warrantless entry violated the Fourth Amendment, we are unpersuaded by Lesueur's argument that the subsequently obtained warrant lacked probable cause because it contained certain facts discovered during the allegedly illegal entry. "The mere inclusion of tainted evidence in an affidavit does not, by itself, taint the warrant or the evidence seized pursuant to the warrant." *United States v. Vasey*, 834 F.2d 782, 788 (9th Cir. 1987). Rather, "[a] reviewing court should excise the tainted evidence and determine whether the remaining, untainted evidence would provide a neutral magistrate with probable cause to issue a warrant." *Id.* "An affidavit in support of a search warrant demonstrates probable cause if, under the totality of the circumstances, it reveals a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Celestine*, 324 F.3d 1095, 1102 (9th Cir. 2003) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

Here, the affidavit supporting the search warrant contained only two facts

---

[1] Because the parties are familiar with the facts and procedural history of this case, we do not recount them here.

discovered as a result of the warrantless entry: (1) that Lesueur "appeared from the bedroom area" after officers entered the home; and (2) that an officer "observed the victim's cell phone, a handgun and a DVR/camera system in the residence." As the district court observed, striking these two portions of the supporting affidavit does not negate the state magistrate's determination that the existence of firearms in the home was fairly probable. Remaining portions of the affidavit gave the following details, none of which were discovered as a result of the illegal entry: (1) on the day of the illegal entry, a third party reported to police that Lesueur's wife ("E.L.") was being held against her will by Lesueur; (2) after police interviewed E.L., she stated that Lesueur had used a pistol to force her to perform sex acts on him, at several times placing a gun to her head; and (3) E.L. told police that she purchased a .40 caliber pistol for Lesueur at his request because his felony conviction prevented him from purchasing one himself. These facts alone were enough to support the state magistrate's probable cause determination. Thus, the absence of the two facts deriving from the illegal entry would not have affected the magistrate's decision to issue the search warrant.

Because the search warrant was supported by probable cause, the district court did not err when it denied the motion to suppress. The judgment of conviction is

**AFFIRMED.**

3